**WHEREFORE**, plaintiff(s) respectfully pray that the Court enter judgment in his/her/their favor and against defendant(s) for damages, costs of suit and such other, further and different relief as may be just and appropriate.

**Plaintiff(s) demands that all issues of fact in this case be tried before a properly empaneled jury.**

Dated: New York, New York
      May      , 2007

Yours, etc.,

JOSEPH GIARAMITA, JR., ESQ
Attorney for Plaintiffs

BY: _____
JOSEPH GIARAMITA, JR., ESQ. (JG0435)
8215 Fifth Avenue
Brooklyn, New York 11209
Tel: (718) 748-4440

neg. 394

-11-

UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE WORLD TRACE CENTER DISASTER SITE LITIGATION | **21 MC 100 (AKH)** <br><br> **DOCKET NO.** 07CIV5652 <br> **AMENDED** |
| ROBERT PELLECHIA, M.D., BRENDA PELLCHIA, JEFFREY AMATO, <br><br> Plaintiff(s), <br> -against- <br><br> THE CITY OF NEW YORK, and AMEC CONSTRUCTION MANAGEMENT, INC., et al., <br><br> Defendant(s). | **CHECK-OFF ("SHORT TERM") COMPLAINT RELATED TO THE MASTER COMPLAINT** <br><br> **PLAINTIFF DEMANDS A TRIAL BY JURY** |

By Order of the Honorable Alvin K. Hellerstein, United States District Judge, dated June 22, 2006. ("the Order"). Master Complaints for all Plaintiffs were filed on August 18, 2006.

NOTICE OF ADOPTION

All headings and paragraphs in the Master Complaints are applicable to and are adopted by the instant Plaintiff(s) as if fully set forth herein in addition to those paragraphs specific to the individual Plaintiff(s), which are listed below. These are marked with an "" if applicable to the instant Plaintiff(s), and specific case information is set forth, as needed, below.

Plaintiff, by his attorney, JOSEPH GIARAMITA, JR., ESQ., complaining of Defendants, respectfully alleges:

**I. PARTIES**

1. a. **X** Plaintiff Robert Pellechia, M.D., is an individual and is a citizen of New York residing at Pelham Manor, New York.
   b. Jeffrey Amato is an individual and is a citizen of New York residing at Staten

-3-

Island, New York.

Plaintiff Robert Pellechia had exposure at the World Trade Center
Approximately __10__ hours per day, for
Approximately __4__ days total. (9/11/01- 9/15/01)

2. Plaintiff, Brenda Pellechia (hereinafter the "Derivative Plaintiff"), is a citizen of New York residing at Pelham Manor, New York, and has the following relationship to the injured Plaintiff:
PLAINTIFF at all relevant times herein, is and has been lawfully married to Robert Pellechia.

3. Jeffrey Amato is an individual, residing in the County of Richmond, State of New York.

Plaintiff Jeffrey Amato had exposure at the World Trade Center
Approximately __10__ hours per day, for
Approximately __1__ year total.

---

*Continue this information on a separate sheet of paper if necessary. If more space is needed specify "Other" locations, please annex a separate sheet of paper with the information.

4. Injured Plaintiff

   **X**   Was exposed to and breathed noxious fumes on all dates, at the site(s) indicated above;

   **X**   Was exposed to and inhaled or ingested toxic substances and particulates on all dates at the site(s) indicated above;

   **X**   Was exposed to and absorbed or touched toxic or caustic substances on all dates at the site(s) indicated above;

   Other:_____

5. Injured Plaintiff

**X**   Has not made a claim to the Victim Compensation Fund. Pursuant to §405( c)(3)(B)(I) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

Made a claim to the Victim Compensation Fund that was denied. Pursuant to §405( c)(3)(B)(I) of the Air Transportation Safety and System Stabilization Act,

-4-

        49 U.S.C. § 40101, the issue of waiver is inapplicable.

        Made a claim to the Victim Compensation Fund, that was subsequently withdrawn by Ground-Zero Plaintiff. Pursuant to §405( c)(3)(B)(I) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101, the issue of waiver is inapplicable.

        Made a claim to the Victim Compensation Fund that was granted. Pursuant to §405( c)(3)(B)(I) of the Air Transportation Safety and System Stabilization Act, 49 U.S.C. § 40101,Ground Zero-Plaintiff has waived his/her right(s) to pursue any further legal action for the injuries identified in said Claim **B**.

6.    The following is a list of all Defendant(s) named in the Master Complaint. If checked, all paragraphs pertaining to that Defendant are deemed pleaded herein.

---

**THE CITY OF NEW YORK**

A Notice of Claim was timely filed and served on_____and

Pursuant to General Municipal Law §50-h the CITY held a hearing on_____(OR)

The City has yet to hold a hearing as required by General Municipal Law §50-h

More than thirty days have passed and the City has not adjusted the claim
    (OR)

An Order to Show Cause application to
deem Plaintiff's (Plaintiffs') Notice of Claim timely filed, or in the alternative to grant Plaintiff(s) leave to file a late Notice of Claim *Nunc Pro Tunc* (for leave to file a late Notice of Claim *Nunc Pro Tunc)* has been filed and a determination
    is pending
    Granting petition made on_____.
    Denying petition made on_____.

---

**PORT AUTHORITY OF NEW YORK AND NEW JERSEY ["PORT AUTHORITY"]**
    A Notice of Claim was filed and serve pursuant to Chapter 179, §7 of the Unconsolidated Laws of the Sate of New York on
    More than sixty days have elapsed since the Notice of Claim was filed, (and)
        the PORT AUTHORITY has adjusted this claim
    the PORT AUTHORITY has not adjusted this claim.

---

-5-

| | |
|---|---|
| X | 1 WORLD TRADE CENTER, LLC |
| X | 1 WTC HOLDINGS, LLC |
| X | 2 WORLD TRADE CENTER, LLC |
| X | 2 WTC HOLDINGS, LLC |
| X | 4 WORLD TRADE CENTER, LLC |
| X | 4 WTC HOLDINGS, LLC |
| X | 5 WTC HOLDINGS, LLC |
| X | 5 WORD TRADE CENTER, LLC |
| X | AMEC CONSTRUCTION MANAGEMENT, INC. |
| X | 7 WORLD TRADE COMPANY, L.P. |
| X | A RUSSO WRECKING |
| X | ABM INDUSTRIES, INC. |
| X | ABM JANITORIAL NORTHEAST, INC. |
| X | AMEC EARTH & ENVIRONMENTAL, INC. |
| X | ANTHONY CORTESE SPECIALIZED HAULING, LLC, INC. |
| X | ATLANTIC HEYDT CORP |
| X | BECHTEL ASSOCIATES PROFESSIONAL CORPORATION |
| X | BECHTEL CONSTRUCTION, INC. |
| X | BECHTEL CORPORATION |
| X | BERKEL & COMPANY, CONTRACTORS, INC. |
| X | BIG APPLE WRECKING & CONSTRUCTION CORP |
| X | BOVIS LEND LEASE, INC. |
| X | BOVIS LEND LEASE LMB, INC. |
| X | BREEZE CARTING CORP |
| X | BREEZE NATIONAL, INC. |
| X | BRER-FOUR TRANSPORTATION CORP. |
| X | BURO HAPPOLD CONSULTING ENGINEERS, P.C. |
| X | C.B. CONTRACTING CORP |
| X | CANRON CONSTRUCTION CORP |
| X | CANTOR SEINUK GROUP |
| X | CONSOLIDATED EDISON COMPANY OF NEW YORK, INC. |
| X | CORD CONTRACTING CO., INC |
| X | DAKOTA DEMO-TECH |
| X | DIAMOND POINT EXCAVATING CORP |
| X | DIEGO CONSTRUCTION, INC. |
| X | DIVERSIFIED CARTING, INC. |
| X | DMT ENTERPRISE, INC. |
| X | D'ONOFRIO GENERAL CONTRACTORS CORP |
| X | EAGLE LEASING & INDUSTRIAL SUPPLY |
| X | EAGLE ONE ROOFING CONTRACTORS, INC. |
| X | EAGLE SCAFFOLDING CO |
| X | EJ DAVIES, INC. |

| | |
|---|---|
| X | EN-TECH CORP |
| X | ET ENVIRONMENTAL |
| X | EVERGREEN RECYCLING OF CORONA |
| X | EWELL W. FINELY, P.C. |
| X | EXECUTIVE MEDICAL SERVICES, P.C. |
| X | F&G MECHANICAL, INC. |
| X | FLEET TRUCKING, INC. |
| X | FRANCIS A. LEE COMPANY, A CORPORATION |
| X | FTI TRUCKING |
| X | GILSANZ MURRAY STEFICEK, LLP |
| X | GOLDSTEIN ASSOCIATES CONSULTING ENGINEERS, PLLC |
| X | HALLEN WELDING SERVICE, INC. |
| X | H.P. ENVIRONMENTAL |
| X | KOCH SKANSKA INC. |
| X | LAQUILA CONSTRUCTION INC |
| X | LASTRADA GENERAL CONTRACTING CORP |
| X | LESLIE E. ROBERTSON ASSOCIATES CONSULTING ENGINEER P.C. |
| X | LIBERTY MUTUAL GROUP |
| X | LOCKWOOD KESSLER & BARTLETT, INC. |
| X | LUCIUS PITKIN, INC |
| X | LZA TECH-DIV OF THORTON TOMASETTI |
| X | MANAFORT BROTHERS, INC. |
| X | MAZZOCCHI WRECKING, INC. |
| X | MERIDIAN CONSTRUCTION CORP. |
| X | MORETRENCH AMERICAN CORP. |
| X | MRA ENGINEERING P.C. |
| X | MUESER RUTLEDGE CONSULTING ENGINEERS |
| X | NACIREMA INDUSTRIES INCORPORATED |
| X | NEW YORK CRANE & EQUIPMENT CORP. |
| X | NICHOLSON CONSTRUCTION COMPANY |
| X | OLYMPIC PLUMBING & HEATING |
| X | PETER SCALAMANDRE & SONS, INC. |
| X | PINNACLE ENVIRONMENTAL CORP. |
| X | PLAZA CONSTRUCTION CORP. |
| X | PLAZA CONSTRUCTION MANAGEMENT CORP. |
| X | PRO SAFETY SERVICES, LLC |
| X | PT & L CONTRACTING CORP |
| X | REGIONAL SCAFFOLD & HOISTING CO. INC. |
| X | ROGER SILMAN ASSOCIATES |
| X | ROBERT L GEROSA, INC |
| X | RODAR ENTERPRISES, INC. |
| X | ROYAL GM INC. |
| X | SAB TRUCKING INC. |

| | |
|---|---|
| X | SAFEWAY ENVIRONMENTAL CORP. |
| X | SEASONS INDUSTRIAL CONTRACTING |
| X | SEMCOR EQUIPMENT & MANUFACTURING CORP. |
| X | SILVERSITEN CONTRACTORS |
| X | SILVERSITEN PROPRIETIES |
| X | SILVERSTEIN PROPRIETIES, INC. |
| X | SILVERSTEIN WTC FACILITY MANAGER, LLC |
| X | SILVERSTEIN WTF, LLC |
| X | SILVERSTEIN WTC MANAGEMENT CO., LLC |
| X | SILVERSTEIN WTC PROPRIETIES, LLC |
| X | SILVERSTEIN DEVELOPMENT CORP. |
| X | SILVERSTEIN WTC PROPRIETIES LLC |
| X | SIMPSON GUMPERTZ & HEGER INC |
| X | SKIDMORE OWINGS & MERRIL LLP |
| X | SURVIVAIR |
| X | TISHMAN INTERIORS CORPORATION, |
| X | TISHMAN SPEYER PROPERTIES |
| X | TISHMAN CONSTRUCTION CORPORATION OF MANHATTAN |
| X | TISHMAN CONSTRUCTION CORPORATION OF NEW YORK |
| X | THORNTON-TOMASETTI GROUP, INC. |
| X | TORRETTA TRUCKING, INC |
| X | TOTAL SAFETY CONSULTING, L.L.C. |
| X | TUCCI EQUIPMENT RENTAL CORP |
| X | TULLY CONSTRUCTING CO., INC. |
| X | TULLY ENVIRONMENTAL INC. |
| X | TULLY INDUSTRIES, INC. |
| X | TURNER CONSTRUCTION CO. |
| X | TUNER CONSTRUCTION COMPANY |
| X | TURNER CONSTRUCTION INTERNATIONAL, LLC |
| X | TUNER/PLAZA, A JOINT VENTURE |
| X | ULTIMATE DEMOLITIONS/CS HAULING |
| X | VERIZON NEW YORK INC. |
| X | VOLLMER ASSOCIATES LLP |
| X | W HARRIS & SONS INC |
| X | WEEKS MARINE, INC. |
| X | WEIDLINGER ASSOCIATES, CONSULTING ENGINEERS, P.C. |
| X | WHITNEY CONTRACTING INC. |
| X | WOLKOW-BRAKER ROOFING CORP |
| X | WORLD TRADE CENTER PROPERTIES, LLC |
| X | WSP CANTOR SEINUK |
| X | YANNUZZI & SONS INC |
| X | YONKERS CONTRACTING COMPANY, INC. |
| X | YORK HUNTER CONSTRUCTION, LLC |

| | |
|---|---|
| X | ZIEGE |
| | OTHER:_____ |

Non-WTC Site Building Owner
Name:_____
Business/Service Address:_____
Building/Worksite Address:_____
Non-WTC Site Lessee
Name:_____
Business/Service Address:_____
Building/Worksite Address:_____
Non-WTC Site Building Management Agent
Name:_____
Business/Service Address:_____
Building/Worksite Address:_____

## II) II. JURISDICTION

7. The Court's jurisdiction over the subject matter of this action is:

**X** Founded upon Federal Question Jurisdiction; specifically; **X**; Air Transport Safety & System Stabilization Act of 2001.

## II) III CAUSE OF ACTION

Plaintiff(s) seeks damages against the above named defendants based upon the following theories of liability, and asserts each element necessary to establish such a claim under the applicable substantive law:

| | | |
|---|---|---|
| Breach of the defendant's duties and obligations pursuant to New York State Labor Law(s) including §§200 and 240 | **X** | Common Law Negligence, including allegations of Fraud and Misrepresentation |
| Breach of the defendants' duties and obligations pursuant to New York State Labor Law 241(6) | | **X** Air Quality; **X** Effectiveness of Mask Provided; **X** Effectiveness of Other Safety Equipment Provided |
| Pursuant to New York General Municipal Law §205-a | | (Specify:_____); Other(specify): |
| | | Loss of Services/Loss of Consortium for Derivative Plaintiff |

-9-

|  |  | Other:_____ |
|---|---|---|

## II) IV CAUSATION, INJURY AND DAMAGE

8.  As a direct and proximate result of defendant's culpable actions in the rescue and/or recovery and/or construction, renovation, alteration, demolition and all work performed at he premises, the Injured Plaintiff sustained (including, but not limited to) the following injuries:

    a.  Robert Pellechia:     Respiratory injury
        Date of Onset:         October, 2004
        Date physician first connected this injury:    October, 2004
    b.  Jeffrey Amato:         Respiratory injury
        Date of Onset:         August, 2004
        Date physician first connected this injury:    August, 2004

|  | Cancer Injury:<br>Date of onset:<br>Date physician first connected this injury to |  | Cardiovascular injury:<br>Date of onset:<br>Date physician first connect this injury to |
|---|---|---|---|

**X**  Loss of earnings/and or impairment of earning capacity

**X**  Loss of retirement benefits/diminution of retirement benefits

**X**  Expenses for medical care, treatment, and rehabilitation

**X**  Other:
    **X** Mental anguish
    **X** Disability
        Other:_____

9.  As a direct and proximate result of the injuries described *supra*, the derivative plaintiff(s), if any, have in the past suffered and/or will in the future suffer a loss of the love, society, companionship, services, affection, and support of the plaintiff and such other losses, injuries and damages for which compensation is legally appropriate.

-10-